TO BE PUBLISHED

# Supreme Court of Kentucky

2015-SC-000383-KB

FINAL

DATE 3-1-16 _____ D.C

KENTUCKY BAR ASSOCIATION                                    MOVANT


V.                          IN SUPREME COURT


RODGER WILLIAM MOORE                                    RESPONDENT


## OPINION AND ORDER

The Kentucky Bar Association has petitioned this Court to impose reciprocal discipline against Rodger William Moore[1] under Kentucky Supreme Court Rules (SCR) 3.435(4) because he has been disciplined in Ohio. Moore was admitted to practice law in Kentucky in August 2007 and in Ohio in 2001.

In June 2015, the Ohio Supreme Court entered an Order on Certified Report by the Board of Commissioners on Grievances and Discipline[2] of the Supreme Court, suspending from the practice of law indefinitely. The facts and rules violations were not in dispute in the Ohio proceeding because the parties filed an agreed stipulation of facts and violations.

---

[1] KBA member number 91860; bar roster address Post Office Box 176007 Fort Mitchell, Kentucky 41017.

[2] Effective January 1, 2015, the Board of Commissioners on Grievances and Discipline has been renamed the Board of Professional Conduct. *See* Gov.Bar.R. V(1)(A), 140 Ohio St.3d CII. At the time of Moore's hearing, however, the Board was operating under its former name.

## I. FACTUAL BACKGROUND.

In November 2001, Moore was arrested in Atlanta, Georgia, after attempting to leave a Kroger store with twelve bottles of wine, totaling $152 in value, without paying for them. Moore was able to avoid prosecution for this offense by entering into an agreement that required him to complete 65 hours of community service.

Moore was charged with theft by shoplifting in March 2012 after he scanned UPC codes that he had carried into a Kroger store in Cincinnati to purchase three bottles of expensive wine and a bottle of olive oil at a self-scan checkout register. This deception reduced the price of the items purchased by $359.10. Moore pleaded guilty to the charges and was permitted to enter a diversion program. Later, Moore admitted that he had used this method to steal expensive bottles of wine from the same store on five separate occasions before his arrest.

After this arrest, in July 2012, Moore sent a letter to the Cincinnati Bar Association (CBA) to report the March 2012 shoplifting arrest. In that letter, however, Moore made false statements regarding the March 2012 arrest, failed to disclose that he had used the same subterfuge a number of times in the months before that incident, and failed to disclose to the CBA that he had been charged with a similar crime in 2001. Upon receiving the letter, the CBA interviewed Moore under oath in January 2013, during which Moore made further false statements. Likewise, Moore made false statements regarding his

2

criminal conduct in his initial and supplemental responses—in June and July 2014—to the CBA's requests for admissions.

## II. VIOLATIONS OF THE OHIO RULES OF PROFESSIONAL CONDUCT.

In its report, the Board of Commissioners on Grievances and Discipline determined that Moore violated the following the Ohio Rules of Professional Conduct:

- Moore's 2001 conduct violated:

  o DR 1-102(A)(3), which prohibits an attorney from engaging in illegal conduct involving moral turpitude (akin to Kentucky Supreme Court Rule (SCR) 3.130(8.4)(b));

  o DR 1-103(A)(4), prohibiting conduct involving fraud, dishonesty, deceit, or misrepresentation (akin to SCR 3.130(8.4)(c));

- Moore's 2012 conduct violated:

  o Prof.Cond.R. 8.1(a), which prohibits knowingly making a false statement of fact in a disciplinary matter (akin to SCR 3.130(8.1)(a));

  o Prof.Cond.R. 8.4(b), which prohibits an attorney from committing an illegal act that reflects adversely on the attorney's honesty or trustworthiness (akin to SCR 3.130(8.4)(b));

3

- Prof.Cond.R. 8.4(c), which prohibits an attorney from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation (akin to SCR 3.130(8.4)(c));

- Gov.Bar. R. V(4)(G) [now V(9)(G)], which prohibits an attorney from neglecting or refusing to assist in a disciplinary investigation (akin to SCR 3.130(8.1)(b)).

The Ohio Supreme Court suspended Moore for two years, with the second year stayed on the following conditions: (1) that Moore comply with the terms of his contract with OLAP (similar to Kentucky's KYLAP); (2) that Moore provide the CBA and OLAP with evidence of regular counseling visits with his psychologist and periodic reports from that psychologist; and (3) that Moore commit no further misconduct. Any future reinstatement was conditioned upon Moore requesting reinstatement (via a process similar to Kentucky's SCR 3.350) and file documentation from a qualified medical professional—other than his treating psychologist—selected by the CBA, stating that Moore is capable of returning to the competent, ethical, and professional practice of law.

In July 2015, the KBA moved this Court to issue an order requiring Moore to show cause why identical reciprocal discipline should not be imposed under SCR 3.435. A show-cause order issued from this Court on October 29, 2015. Moore filed a response to this Court's order, but that response does not establish legally sufficient grounds to prevent the imposition of identical reciprocal discipline.

Under SCR 3.435(4), Moore is subject to identical discipline within this Commonwealth unless he "proves by substantial evidence: (a) a lack of jurisdiction or fraud in the out-of-state disciplinary proceeding, or (b) that [the] misconduct established warrants substantially different discipline in this State." We further note that under SCR 3.435(4)(c), "In all other respects, a final adjudication in another jurisdiction that an attorney has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this State."

Moore's response to this Court references "mitigating factors . . . that may weigh in favor of a shorter disciplinary period than the suspension given in Ohio." But Moore's vague reference to mitigating factors does not, as SCR 3.435(4) requires, establish "by substantial evidence" that his previous misconduct warrants substantially different discipline than that imposed by Ohio.

Seeing no legal reason why Moore should not be subjected to identical discipline in this state under SCR 3.435, this Court ORDERS that:

1. The Kentucky Bar Association's petition for reciprocal discipline is GRANTED. Respondent, Rodger William Moore, is suspended from the practice of law in the Commonwealth of Kentucky for a period of two years commencing June 25, 2015, with the second year stayed subject to the conditions outlined in the Supreme Court of Ohio's June 25, 2015 Order (Case No. 2014-1737).

5

2. In accordance with SCR 3.450, Respondent is directed to pay any costs associated with these disciplinary proceedings against him, should there be any, and execution for such costs may issue from this Court upon finality of this Opinion and Order.

3. Should Respondent currently have any clients, under SCR 3.390, he shall, within ten days from the entry of this Opinion and Order, notify all clients in writing of his inability to represent them, and notify all courts in which he has matters pending of his suspension from the practice of law, and furnish copies of said letters of notice to the Office of Bar Counsel. Furthermore, to the extent possible and necessary, Respondent shall immediately cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: February 18, 2016

_____
CHIEF JUSTICE

6